UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALLAN DAVIS,

              Plaintiff,

v.                                                        Case No. 20-cv-1220-pp

SCOTT ECKSTEIN, *et al.*,

              Defendants.

## ORDER DIRECTING PLAINTIFF TO PAY FULL FILING FEE

      The plaintiff, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983. Dkt. No. 1. The plaintiff did not send the filing fee along with his complaint, so the clerk's office sent him a letter on August 10, 2020, instructing him that within twenty-one days he had to either pay the full civil case filing fee of $400 or file a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. Twenty-one days have passed, and the plaintiff has not done either.

      Under the Prison Litigation Reform Act (PLRA), a prisoner plaintiff may not bring a civil action without prepayment of the filing fee (*in forma pauperis*)

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "Strikes" include any prisoner case dismissed on any of the three enumerated grounds before or after the enactment of the PLRA.

1

Evans v. Ill. Dep't of Corrs., 150 F.3d 810, 811 (7th Cir. 1998) (citing Abdul–Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996)). Court records show that the plaintiff has filed over twenty-one cases in the Eastern District of Wisconsin, and he received his third strike in Davis v. King, 99-cv-822-MLG, Dkt. No. 6 (E.D. Wis. September 27, 1999). The imminent danger exception does not apply to this case because the plaintiff's complaint involves three completed acts of alleged harm that occurred on March 21, 22 and 27, 2018, and the plaintiff asks only for monetary relief, not an injunction or any other immediate action. See Dkt. No. 1 at 1, 14-15; see also Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (concluding that the imminent danger exception to §1915(g)'s three strikes rule is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). The plaintiff may not proceed without prepaying the filing fee.

If the plaintiff wants to proceed with this case, he must pay the full civil case filing fee of $400 (the $350 filing fee plus the $50 administrative fee that applies to litigants not proceeding *in forma pauperis*) by the deadline the court sets below. Newlin v. Helman, 123 F.3d 429, 433–34 (7th Cir. 1997), rev'd on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b). Failure to pay by the deadline will result in dismissal of this case. Newlin, 123 F.3d at 434. Once the plaintiff pays the filing fee, the court will screen his complaint under 28 U.S.C. § 1915A.

The court **ORDERS** that if the plaintiff wants to proceed with this lawsuit, he must forward to the Clerk of Court the sum of $400 as the full filing fee in this case by the end of the day on **October 13, 2020**. The plaintiff must clearly identify the payment by the case name and number assigned to the case. If the court does not receive the filing fee by the end of the day on October 13, 2020, the court will dismiss the case on the next business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 25th day of September, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:20-cv-01220-PP   Filed 09/25/20   Page 3 of 3   Document 3